[Cite as *State v. Partee*, 2013-Ohio-908.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| STATE OF OHIO, | : | APPEAL NO. C-120432 |
| | | TRIAL NO. B-1103226 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| SCOTT PARTEE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Vacated and Cause Remanded

Date of Judgment Entry on Appeal:  March 13, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond L. Katz*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal from a judgment of conviction and sentence in a criminal case.   The defendant, Scott Partee, entered a written plea of no contest but was not afforded the plea hearing required by Crim.R. 11(C)(2).  As a consequence, we vacate the judgment and remand for further proceedings.

{¶2}     Crim.R. 11(C)(2) mandates that a trial court before accepting a plea in a felony case must personally address the defendant, and ascertain that the plea is voluntary and that the defendant understands the effect of the plea, the nature of the charges and the maximum penalty that may be imposed.    Further, the court must inform the defendant and ensure the defendant understands that as a result of the plea that defendant is waiving his constitutional rights (1) to a jury trial, (2) to confront his accusers, (3) to have compulsory process, (4) to have the state prove his guilt beyond a reasonable doubt, and (5) to the privilege against compulsory incrimination.    A trial court must substantially comply with the nonconstitutional provisions of the rule and must strictly comply with the constitutional provisions.  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14 and syllabus.  A trial court must also advise a defendant regarding any applicable period of postrelease control and the sanctions for violation of the terms of postrelease control.  *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph two of the syllabus; R.C. 2943.032.

{¶3}     In this case, Mr. Partee was barely afforded a plea hearing at all.   After being presented with an "Entry Withdrawing Plea of Not Guilty and Entering Plea of No Contest," the trial judge asked Mr. Partee to confirm that he had signed the document. The court went on to explain the effect of a no-contest plea and the maximum penalties for each offense, and to ask the prosecutor to read the facts of the indictment.  After the

prosecutor recited the facts, the trial court had a short discussion with counsel relating to the offense that served as the predicate for the weapons-under-disability charge in the indictment and continued the matter for sentencing. That was it. The defendant was not asked orally to enter a plea, there was no discussion of his waiver of constitutional rights or postrelease control, and the court at the hearing never accepted the plea or found the defendant guilty.

{¶4}     Mr. Partee raises two assignments of error relating to the deficient plea proceeding as well as three others challenging his sentence. We need not look beyond the plea hearing, however. The trial court's error in failing to assure that Mr. Partee understood his constitutional rights as part of the plea proceeding is by itself sufficient to mandate that we vacate his conviction. Accordingly, we sustain the fifth assignment of error relating to the court's failure to inform Mr. Partee of his constitutional rights. We find that the remaining assignments of error are moot. App.R. 12(A)(1)(c). We vacate the judgment of conviction and remand for further proceedings consistent with this opinion and law.

Judgment vacated and cause remanded.

**HENDON, P.J,** and **HILDEBRANDT, J.,** concur.

Please note:
       The court has recorded its own entry this date.