[Cite as *State v. Giuggio*, 2018-Ohio-2376.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170133 |
| | | TRIAL NO. B-1406268 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ANDREW GIUGGIO, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 20, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Rubenstein & Thurman, L.P.A.*, and *Scott A. Rubenstein*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1} Andrew Giuggio appeals his conviction for attempted rape. He argues that his guilty plea was invalid, defense counsel was ineffective, and his eight-year prison sentence was not supported by the record. We conclude that his assignments of error have no merit and affirm the trial court's judgment.

{¶2} Giuggio was indicted for rape and gross sexual imposition. Both counts of the indictment alleged that the offenses were committed on the same date against the same victim.

{¶3} In exchange for the state's dismissal of the gross-sexual-imposition charge and amendment of the rape charge, Giuggio entered a guilty plea to one count of attempted rape. The trial court sentenced him to eight years in prison.

{¶4} In his first assignment of error, Giuggio argues that the trial court erred by accepting his guilty plea because it was not made knowingly, intelligently, and voluntarily. He contends that his guilty plea was invalid because the trial court failed to comply with Crim.R. 11 in accepting the plea.

{¶5} Before a trial court accepts a plea in a felony case, Crim.R. 11(C)(2) requires the court to personally address the defendant, and ascertain that the plea is voluntary and entered with an understanding of the effect of the plea, the nature of the charges, and the maximum penalty that may be imposed. In addition, the court must inform the defendant, and determine that the defendant understands, that by pleading guilty, the defendant is waiving her or his constitutional rights (1) to a jury trial, (2) to confront witnesses against her or him, (3) to have compulsory process for obtaining witnesses, (4) to require the state to prove the defendant's guilt beyond a reasonable doubt, and (5) to the privilege against self-incrimination. *State v. Partee*,

1st Dist. Hamilton No. C-120432, 2013-Ohio-908, ¶ 2, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14 and syllabus. The court must also advise a defendant regarding any applicable period of postrelease control and the sanctions for violation of the terms of postrelease control. *Id.*

{¶6}   In this case, the record demonstrates that Giuggio understood the consequences of his guilty plea. The trial court engaged in an extensive Crim.R. 11 colloquoy with Giuggio, during which it explained the maximum penalty, the applicable period of postrelease control,[1] the sanctions for violation of the terms of postrelease control, and the constitutional rights Giuggio waived by entering the guilty plea. Giuggio indicated that he was pleading guilty of his own free will; that he was not under the influence of drugs, medicines, or alcohol; that he had signed the plea form after it had been explained to him; that he fully understood the plea form, the nature of the charge, the effect of the plea, and the maximum penalty; and that he understood the constitutional rights he was waiving by entering the guilty plea.

{¶7}   Although Giuggio has professed his innocence to his appellate counsel and indicated that his plea was the product of coercion and duress, he concedes that this aspect of his claim is based on information outside the record, which we cannot consider in deciding the appeal. *See State v. Ishmail*, 54 Ohio St.2d 402, 405-406, 377 N.E.2d 500 (1978). Because our review of the record convinces us that Giuggio knowingly, intelligently, and voluntarily entered his guilty plea, we hold that the trial court properly accepted the plea. We overrule the first assignment of error.

---

[1] During the plea hearing, the court incorrectly informed Giuggio that the period of postrelease control was three years. The court corrected this to five years at the sentencing hearing. The court addressed Giuggio and asked him if the longer period of postrelease control changed his plea. Giuggio responded that it did not. Giuggio has not assigned any error to this initial mistake in the length of postrelease control.

{¶8} In his second assignment of error, Giuggio argues that he was deprived of the effective assistance of counsel. He contends that he was wrongly accused, that his plea was the product of coercion, and that the state would have been unable to prove its case.

{¶9} To establish ineffective assistance of counsel, the defendant must demonstrate that she or he was prejudiced by counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989). To show prejudice, Giuggio must prove that, but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).

{¶10} We are unable to determine on appeal whether ineffective assistance of counsel occurred where the allegations of ineffectiveness are, as Giuggio admits here, based on facts outside the record. *See State v. Cooperrider*, 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (1983); *State v. Coleman*, 85 Ohio St.3d 129, 134, 707 N.E.2d 476 (1999). Therefore, we overrule the second assignment of error.

{¶11} In his third assignment of error, Giuggio argues that the trial court erred by imposing a sentence that is not supported by the record. Specifically, he contends that the imposition of the maximum sentence was not supported by the record, and that the court failed to properly consider, under R.C. 2929.12(C)(4), that his conduct was less serious than conduct normally constituting the offense because substantial grounds mitigated his conduct.

{¶12} Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate Giuggio's sentence only if we clearly and convincingly find that the record does not support the mandatory sentencing findings or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶13} Giuggio contends that the trial court improperly took into consideration a similar California case that had gained national attention, and claims that the trial court improperly punished him for the "transgressions" of the California defendant. This is not supported by the record. The court simply informed Giuggio that his sentence would be different than the 60-day jail term imposed in the California case.

{¶14} Giuggio also contends that the trial court failed to properly consider the purposes and principles of sentencing in R.C. 2929.11 and the factors in R.C. 2929.12, in sentencing him to the maximum prison term. With respect to the length of the sentence, the court was not required to make findings or to give reasons for imposing the maximum term. *See State v. Ridder*, 1st Dist. Hamilton No. C-150460, 2016-Ohio-5195, ¶ 29. With respect to R.C. 2929.11, the court specifically stated that it considered the overriding purposes and principles of sentencing, including protection of the public and punishment of the offender, as well as incapacitation, deterrence, rehabilitation, and restitution.

{¶15} In addition, the court considered the seriousness and recidivism factors in R.C. 2929.12, including the psychological harm suffered by the victim as a result of the offense, R.C. 2929.12(B)(2), and Giuggio's taking advantage of his relationship with the victim, R.C. 2929.12(B)(6). The court reviewed a victim-impact statement and a

statement by the arresting officer. At the sentencing hearing, the victim's mother and a friend of the victim addressed the court about the harm that the victim had suffered.

{¶16} In addition, the trial court reviewed a presentence-investigation report that indicated Giuggio had completed high school and was employed, and that Giuggio had no prior criminal history. *See* R.C. 2929.12(E). The court took into account the mitigation evidence and arguments offered by Giuggio. *See* R.C. 2929.12(C)(4). The court remarked that defense counsel had done "an excellent job" on Giuggio's sentencing memorandum. The memorandum set forth mitigating information, including Giuggio's cooperation with police, his lack of a criminal record, and the role of alcohol in the offense. Attached to the memorandum were letters from Giuggio's family members that explained the offense to be out of character for him, and detailed his engagement in sports, a high school ROTC program, and training to be a firefighter, as well as his hopes for enlisting in the navy.

{¶17} Giuggio was convicted of a second-degree felony, R.C. 2923.02(A), for which there is a presumption for a prison term of two, three, four, five, six, seven, or eight years. *See* R.C. 2929.13(D)(1) and 2929.14(A)(2). His eight-year sentence fell within the permissible range and was not contrary to law. Therefore, we overrule the third assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **MILLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.