[Cite as *State v. Payne*, 2019-Ohio-848.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180001 |
| | | TRIAL NO. B-1705743 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JAMES PAYNE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 13, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Rubenstein & Thurman, L.P.A.*, and *Scott A. Rubenstein*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}    Defendant-appellant James Payne appeals his conviction for domestic violence.  In three assignments of error, Payne challenges the validity of his guilty plea, the effectiveness of his trial counsel, and the sentence imposed.  Finding no merit to Payne's assignments of error, we affirm.

{¶2}    Payne was indicted for domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree.  His girlfriend was the victim of the offense.  Payne pled guilty to the offense as charged, and he received a sentence of 18 months' imprisonment.

{¶3}    In his first assignment of error, Payne argues that the trial court erred in accepting a guilty plea that was not made knowingly, intelligently, and voluntarily. He specifically contends that his plea was invalid because he had not anticipated imposition of the maximum sentence for his offense.

{¶4}    Crim.R. 11(C)(2) requires a trial court, before accepting a guilty plea to a felony offense, to address the defendant and verify that the defendant is entering the plea voluntarily, with an understanding of the effect of the plea, the nature of the charges, and the maximum penalty available.   The court must additionally inform the defendant of various constitutional rights that the defendant is waiving by entering a guilty plea. *State v. Giuggio*, 1st Dist. Hamilton No. C-170133, 2018-Ohio-2376, ¶ 5; *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.

{¶5}    In this case, the trial court engaged in a thorough colloquy with Payne and complied with the requirements of Crim.R. 11(C)(2).  As to the maximum

sentence, it correctly informed Payne that he faced a maximum sentence of 18 months' imprisonment. The fact that the trial court later imposed that maximum sentence did not render Payne's plea invalid. As stated, Payne was aware of the maximum sentence available. And the record contains no evidence that the parties had proposed a lesser agreed sentence or that Payne had been promised any lesser sentence in exchange for a guilty plea.

{¶6} Prior to the trial court accepting his plea, Payne confirmed to the court that he could read and write, that he had read the plea form and discussed it with his counsel, that he was not under the influence of drugs or alcohol, and that he had not been forced or threatened in any way to accept the plea. Following our review of the record, we hold that Payne's guilty plea was made knowingly, intelligently, and voluntarily. The first assignment of error is overruled.

{¶7} In his second assignment of error, Payne argues that he received ineffective assistance from his trial counsel.

{¶8} Counsel will not be considered ineffective unless her or his performance was deficient and caused actual prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Counsel's performance will only be deemed deficient if it fell below an objective standard of reasonableness. *Strickland* at 688; *Bradley* at 142. A defendant is only prejudiced by counsel's performance if there is a reasonable probability that the outcome of the proceedings would have been different but for the deficient performance. *Strickland* at 694; *Bradley* at 142.

{¶9}   Payne alleges that counsel was ineffective for failing to obtain a court-clinic evaluation on him prior to sentencing.  He contends that the evaluation would have made the court aware of his extensive mental-health issues and would have served as mitigation at sentencing.   Payne concedes that his allegations of ineffectiveness are based on matters outside the record.  Consequently, they should be reviewed through the postconviction remedies in R.C. 2953.21, and we are unable to determine on appeal whether Payne received ineffective assistance of counsel. *State v. Coleman*, 85 Ohio St.3d 129, 134, 707 N.E.2d 476 (1999); *Giuggio*, 1st Dist. Hamilton No. C-170133, 2018-Ohio-2376, at ¶ 10.  The second assignment of error is overruled.

{¶10}  In his third assignment of error, Payne argues that the trial court erred by imposing a sentence that was not supported by the findings in the record.

{¶11} Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the mandatory sentencing findings or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶12}  Payne contends that the trial court failed to consider R.C. 2929.11 and 2929.12 when fashioning a sentence, and that it specifically failed to consider the existence of mitigating conduct pursuant to R.C. 2929.12(C)(4).  This court has consistently held that R.C. 2929.11 and 2929.12 are not fact-finding statutes, and that, in the absence of an affirmative demonstration by the defendant to the contrary, we may presume that the trial court considered them.  *State v. Patterson*,

1st Dist. Hamilton No. C-170329, 2018-Ohio-3348, ¶ 60.  Payne has made no such affirmative demonstration.

{¶13}  Here, the sentence imposed by the trial court fell within the available sentencing range for a felony of the fourth degree and was not contrary to law.  And the trial court was not required to make any mandatory findings prior to imposing a maximum sentence.  *Giuggio* at ¶ 14.

{¶14}  At sentencing, the trial court heard from the victim, Payne's mother, and Payne himself.  The court additionally discussed Payne's lengthy and violent criminal record.  Following our review of the record, we find that the trial court did not err in the imposition of sentence.

{¶15}  Payne's third assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.