[Cite as *State v. Jackson*, 2019-Ohio-2027.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180341 |
|  |  | TRIAL NO. B-1704855A |
| Plaintiff-Appellee, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
| DERRICK JACKSON, | : |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 24, 2019

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1} Defendant-appellant Derrick Jackson appeals the trial court's judgment convicting him of aggravated robbery with an accompanying firearm specification and kidnapping. He argues that the trial court erred in failing to merge his convictions because they are allied offenses of similar import, and that the record does not support the sentences imposed. Finding no merit to Jackson's assignments of error, we affirm the trial court's judgment.

{¶2} Jackson pled guilty to aggravated robbery pursuant to R.C. 2911.01(A)(1) with an accompanying firearm specification, and kidnapping pursuant to R.C. 2905.01(A)(2). At the plea hearing, the prosecutor provided the court with a brief recitation of facts, which were admitted by Jackson.

{¶3} On the evening of July 27, 2017, Marvin Brown and Danielle Fugua were approached outside their residence in Madeira as they were returning home by Jackson and his codefendant Ray Martin. Jackson and Martin grabbed Brown and Fugua and held them at gunpoint, forcing them into their garage, through the basement, up a common stairway, and into their apartment. Once inside the apartment, Fugua was forced onto the floor while Martin escorted Brown through the apartment, hitting him with a handgun and demanding the couple's valuables.

{¶4} Jackson saw Fugua attempting to call 911 while she was on the floor, and he tried to take her phone. As they struggled, Jackson shot Fugua in the leg. Jackson and Martin then fled from the apartment with various items of the victims' property, including a handgun, Fugua's phone, and an undetermined amount of cash.

{¶5} After accepting Jackson's plea, the trial court continued the case for sentencing. At the sentencing hearing, Jackson argued that his convictions for aggravated robbery and kidnapping were allied offenses of similar import that were subject to merger, and he introduced statements from Fugua and Brown in support

of his argument. These statements of Fugua and Brown corroborated the facts offered by the prosecutor at the plea hearing.

{¶6} The trial court found that Jackson's convictions for aggravated robbery and kidnapping were not allied offenses of similar import subject to merger. It sentenced Jackson to 11 years' imprisonment for the offense of aggravated robbery and to a mandatory consecutive three years' imprisonment for the accompanying firearm specification. A sentence of 11 years' imprisonment was imposed for the offense of kidnapping. The sentences imposed for aggravated robbery and kidnapping were made concurrent, resulting in an aggregate sentence of 14 years' imprisonment.

{¶7} In his first assignment of error, Jackson argues that the trial court erred when it failed to merge his convictions for aggravated robbery and kidnapping because they are allied offenses of similar import. Because Jackson raised this argument before the trial court, and because the court made a merger determination, we apply a de novo standard of review. *See State v. Shelton*, 1st Dist. Hamilton No. C-170547, 2018-Ohio-3895, ¶ 44; *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1.

{¶8} Under R.C. 2941.25(B), a defendant may be convicted of multiple offenses arising from the same conduct if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus; *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 76.

{¶9} Jackson was convicted of aggravated robbery pursuant to R.C. 2911.01(A)(1), which provides that "[n]o person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the

offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." And he was convicted of kidnapping pursuant to R.C. 2905.01(A)(2), which provides that "[n]o person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, * * * [t]o facilitate the commission of any felony or flight thereafter."

{¶10} A brief restraint of the victim is present in every aggravated robbery. *State v. Morris*, 1st Dist. Hamilton No. C-150421, 2016-Ohio-5490, ¶ 17, citing *State v. Jenkins*, 15 Ohio St.3d 164, 198, 473 N.E.2d 264 (1984), fn. 29. To determine whether kidnapping and another offense are subject to merger, the primary question is "whether the restraint or movement of the victim is merely incidental to a separate underlying crime or, instead, whether it has a significance independent of the other offense." *State v. Logan*, 60 Ohio St.2d 126, 135, 397 N.E.2d 1345 (1979); *Morris* at ¶ 17. Where the restraint of the victim is prolonged, the confinement of the victim secretive, or the movement of the victim is substantial, there exists a separate animus for each offense. *Logan* at syllabus; *Morris* at ¶ 17. A separate animus also exists where "the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime." *Logan* at syllabus.

{¶11} Here, Jackson and Martin detained Brown and Fugua at gunpoint, forcing them into the garage, through the basement, up a set of stairs, and into their apartment, where they were then forced onto the floor. Jackson then shot Fugua to keep her restrained and prevent her from calling for help. And Brown was continually restrained as he was repeatedly hit in the head. The movement of Brown and Fugua was substantial, and their restraint was longer than necessary to effectuate the aggravated robbery, manifesting a separate animus for the kidnapping offense. *See Morris* at ¶ 18 (where the defendant ordered the victim out of a car, up a set of stairs, and into a house at knifepoint, and then further restrained the victim in

4

the house with the threat of violence, the prolonged restraint of the victim demonstrated a separate animus for the offense of kidnapping from the offense of aggravated robbery).

{¶12} We hold that the trial court did not err in failing to merge Jackson's convictions for kidnapping and aggravated robbery. The first assignment of error is overruled.

{¶13} In his second assignment of error, Jackson argues that the record does not support the sentence imposed by the trial court.

{¶14} Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the mandatory sentencing findings or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶15} Jackson specifically argues that the trial court erred in imposing a maximum sentence for each offense, and that the trial court failed to consider the principles and purposes of sentencing pursuant to R.C. 2929.11 and 2929.12. This court has consistently held that R.C. 2929.11 and 2929.12 are not fact-finding statutes, and that, in the absence of an affirmative demonstration by the defendant to the contrary, we may presume that the trial court considered them. *State v. Patterson*, 1st Dist. Hamilton No. C-170329, 2018-Ohio-3348, ¶ 60. Jackson has made no such affirmative demonstration.

{¶16} The trial court was not required to make any mandatory sentencing findings before sentencing Jackson. And Jackson's sentence fell within the available sentencing range and was not otherwise contrary to law.

{¶17} We accordingly overrule the second assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

**Please note:**

    The court has recorded its own entry on the date of the release of this opinion.