[Cite as *State v. Kimbrough*, 2019-Ohio-2561.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180295 |
| | | TRIAL NO. B-1701710 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| KYLE KIMBROUGH, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 26, 2019

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Bruce K. Hurst,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} One of the realities in our criminal justice system, particularly in the sex-offense context, is the frequent resort to pleas to fictitious crimes. Oftentimes, to avoid more serious charges (and perhaps sex-offender-registration duties), a criminal defendant will agree to plead to a less serious offense. If the lesser offense is one that could flow from the alleged crime, this often does not raise real concern. But sometimes, the defendant pleads guilty to completely made-up facts because he favors the deal on the table. The prosecutor, defense counsel, and even the trial judge all suspend disbelief and sign off on the plea.

{¶2} Sometimes the defendant walks away content from this exercise because he believes the sentence he received aligns with his expectations. But problems arise when a trial judge ultimately can't take his eyes off of the actual offense charged in the indictment and sentences the defendant essentially for that (more serious) conduct rather than the fictitious charge to which the defendant pleaded guilty.

{¶3} That is exactly what happened here—the defendant pleaded guilty to aggravated assault to avoid charges of gross sexual imposition and attempted rape, which entails reporting and other obligations in addition to any potential incarceration. But aggravated assault, as defined by the legislature, requires the victim to have suffered "serious physical harm." R.C. 2903.12(A)(1). As far as the record discloses, that never happened here. Nevertheless, the parties all agreed to that plea. The defendant then requested community control, the victim was comfortable with no prison sentence, and the prosecutor deferred. But the trial judge, laboring under the knowledge of the actual facts alleged in the indictment,

2

resolved to impose the maximum possible sentence (18 months) rather than relying upon the alternative "facts."

{¶4} Understandably upset about this turn of events, the defendant appeals. Unfortunately for him, based on the constraints we have in reviewing criminal sentences on appeal, we cannot disturb the ruling of the trial court here. Ohio courts have upheld trial courts' reliance on the actual facts from the indictment "even if [the defendant] negotiated a plea at odds with the indicted elements." *State v. Mayor*, 7th Dist. Mahoning No. 07 MA 177, 2008-Ohio-7011, ¶ 17. *See State v. Gore*, 10th Dist. Franklin No. 15AP-686, 2016-Ohio-7667, ¶ 12-13 (discussing "real-offense" sentencing). Criminal defendants must accordingly proceed with eyes wide open to this possibility when they engage in the plea exercise.

{¶5} According to the presentence-investigation report, defendant-appellant Kyle Kimbrough and the victim had been partying together all night and into the early hours of the following morning. They had both been drinking, and the victim was also high. After falling asleep in the basement, the victim awoke to Mr. Kimbrough licking her vagina and then attempting vaginal intercourse. As a result of the incident, Mr. Kimbrough was charged with one count of gross sexual imposition, a fourth-degree felony under R.C. 2907.05(A)(5), and one count of attempted rape, a second-degree felony under R.C. 2907.02(A)(1)(C) and 2923.02(A). Pursuant to the plea bargain, Mr. Kimbrough pleaded guilty, instead, to aggravated assault. Yet nothing in the record reflects that the victim suffered any serious physical harm, which is an element of aggravated assault.

{¶6} At sentencing, the parties expressed a mutual understanding that they anticipated community control. The victim was not present and submitted no victim-impact statement, but she conveyed to the assistant prosecutor that she just

3

wanted to move past the incident and found community control for Mr. Kimbrough acceptable. And Mr. Kimbrough had no criminal history apart from minor misdemeanors.

{¶7} Nevertheless, the trial court seemed impacted by the victim's mental incapacity during the incident and what he perceived to be little remorse on Mr. Kimbrough's part. Acknowledging the fictional charade being undertaken, the court bluntly remarked that it was "having trouble closing my eyes to the actual facts. The defendant is not convicted of those actual facts. He's convicted of something equally serious, but at a lesser level and without reporting." Unable to move past the "actual facts," the trial court sentenced Mr. Kimbrough to the maximum 18-month prison term. With a single assignment of error, Mr. Kimbrough appeals that sentence on the basis that it is clearly and convincingly not supported by the record.

{¶8} The propriety of the sentence, therefore, is the only issue before us, and the parties agree that the given sentence falls within the applicable statutory range. Under such circumstances, the legislature has prescribed a very narrow range for appellate review of criminal sentences:

> The appellate court may [increase, reduce, otherwise modify, or vacate a sentence] if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear

4

and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶9} There is no question that this sentence defied the expectations of the parties. Mr. Kimbrough also points to what he considers a disconnect between the record and the trial court's sentence: the judge concluded that "the injury to the victim * * * was worsened by the physical and mental condition of the victim at the time of the offense and incapacity." Mr. Kimbrough emphasizes the lack of record support of the victim suffering physical or psychological harm, which would be relevant to the inquiry under R.C. 2929.12(B). The judge's comments in context, however, do not relate to the type of injury but instead acknowledge that Mr. Kimbrough took advantage of a victim in an incapacitated state. That *is* supported by the record and reasonably could impact the R.C. 2929.11 and 2929.12 sentencing considerations. The record reflects that the judge considered these statutes, and "[t]his court has consistently held that R.C. 2929.11 and 2929.12 are not fact-finding statutes, and that, in the absence of an affirmative demonstration by the defendant to the contrary, we may presume that the trial court considered them." (Citation omitted.) *State v. Payne*, 1st Dist. Hamilton No. C-180001, 2019-Ohio-848, ¶ 12. In addition, the presentence-investigation report reflects that Mr. Kimbrough did not believe that a crime had been committed or that he should have been charged— probative of a lack of remorse.

{¶10} While the sentence is certainly contrary to the collective expectations of the parties, and reflects the inherent difficulty in imposing real punishments in the context of fictional facts, we cannot say, mindful of our constraints under R.C. 2953.08(G)(2), that clear and convincing evidence shows that this sentence is

5

contrary to the record.  We accordingly overrule Mr. Kimbrough's sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.