[Cite as *State v. Dumas*, 2020-Ohio-1372.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190239 |
| | | TRIAL NO. B-1803721 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DERRICK DUMAS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: April 8, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1}    Derrick Dumas appeals his conviction, after a no-contest plea, for possession of cocaine.  In two assignments of error, Dumas contends that the trial court erred in accepting his no-contest plea without complying with Crim.R. 11, and that he was deprived of the effective assistance of counsel.  Based on our review of the record, we affirm the judgment of the trial court.

## Factual Background

{¶2}    Derrick Dumas was indicted for possession of cocaine, a felony of the fifth degree, for placing a baggie of cocaine in an alley.  According to the statement of facts presented by the state at the plea hearing, drug investigators observed Dumas engaging in hand-to-hand drug transactions on Hemlock Street.  The officers also saw him place a baggie of crack cocaine in an alley.  After the officers retrieved the cocaine, Dumas admitted to making the drug transactions in order to get money for food and that he had hidden the baggie after he observed police officers in the area.  When asked whether those facts were true, Dumas's counsel affirmed that Dumas wished to plead no contest to possessing the cocaine, but specifically took no position regarding the other facts.

{¶3}    During the plea colloquy, the trial court carefully reviewed and explained all of the consequences of the no-contest plea and all of the rights set forth in Crim.R. 11.  The court reviewed the written jury waiver tendered by Dumas, confirmed that he understood the right he was waiving, and that he had voluntarily signed the waiver.  The court signed and accepted the written jury waiver, and proceeded to explain the rights Dumas was waiving.  After the explanation, the following exchange occurred:

Court: Do you understand these rights I've just gone over with you?

Defendant: Yes, your Honor.

Court: Do you have any questions?

Defendant: No, sir.

Court: Do you wish to voluntarily waive all those rights and not have me or a jury decide if you're guilty at trial, because you don't want a trial at all. Is that correct?

Defendant: No sir.

{¶4} The court then proceeded to review the "Entry Withdrawing Plea of not Guilty and Entering a Plea of No Contest" with Dumas. Dumas assured the court that he had read and understood the form, and that his attorney had gone over the form in detail and answered all of his questions. After acknowledging that he voluntarily signed the form, he again confirmed that he wished to plead no contest. The trial court accepted the plea, found him guilty, and continued the sentencing to obtain a presentence-investigation report.

{¶5} At the sentencing hearing, Dumas requested a community-control sentence that included an outpatient treatment program. The state reminded the court that Dumas had seven prior felony convictions for drug-related offenses, and that he had admitted to the officers that he had been selling cocaine and threw it in the alley. Dumas reaffirmed that he had pled to the charge, but contested the state's facts that he had thrown or hidden the drugs. Dumas was then sentenced to three years of community control.

### Crim.R. 11 Colloquy

{¶6} On appeal, Dumas first contends the trial court erred in accepting his no-contest plea without complying with Crim.R. 11.

{¶7}   Before a trial court may accept a no-contest plea, it must address the defendant personally and inform him of, and ensure that he understands, "the nature of the charges and of the maximum penalty involved" and the effect of the plea of no contest.  Crim.R. 11(C)(2)(a) and (b).  The underlying purpose of Crim.R. 11(C) is to ensure that the information a defendant needs to make a voluntary and intelligent decision about pleading no contest is conveyed to him.  *See State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶8}   A trial court must strictly comply with Crim.R. 11 when it explains the constitutional rights set forth in Crim.R. 11(C)(2)(c).  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *Ballard* at paragraph one of the syllabus.  When a trial court fails to explain these rights, the no-contest plea is invalid "under a presumption that it was entered involuntarily and unknowingly." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

{¶9}   Here, Dumas argues that the trial court accepted the no-contest plea despite the fact that Dumas stated that he did not wish to waive his right to a trial. However, that is a mischaracterization of the colloquy.  The trial court carefully reviewed the written jury waiver and confirmed that Dumas understood the right he was waiving, and knowingly and voluntarily wished to waive his right.  Afterwards, the court asked if Dumas wished "to voluntarily waive all those rights and not have me or a jury decide if you're guilty at trial, because you don't want a trial at all.  Is that correct?"   Dumas now argues that his negative response to the question demonstrates that his plea was not knowing, voluntary, and intelligent.  Although it is unclear whether Dumas misspoke or if his response was intended to convey to the court that he did not want a jury trial, it is clear from the record, the context of the

statement, and the thorough colloquy by the trial court that the plea was knowing, voluntary, and intelligent.

{¶10} The trial court explained to Dumas that he had the right to a jury trial, and confirmed that Dumas wished to waive his right to a jury trial. The judge and Dumas both signed the jury waiver after a thorough discussion and understanding of the right he was waiving.

{¶11} Dumas further contends that his plea was not voluntary because he proclaimed his innocence at the sentencing hearing. However, Dumas did not proclaim his innocence at the sentencing hearing. Rather, he disputed the prosecutor's assertion that he had admitted to the officers that he had thrown down or hidden the crack cocaine. More importantly, despite his disagreement with the facts, he affirmed that he had accepted responsibility by pleading to the offense.

{¶12} Accordingly, we overrule the first assignment of error.

### Ineffective Assistance of Counsel

{¶13} In his second assignment of error, Dumas argues that his trial counsel was ineffective for failing to move to withdraw his involuntary and unknowing plea.

{¶14} To prevail on an ineffective-assistance-of-counsel claim, Dumas must demonstrate that counsel's performance fell below an objective standard of reasonableness, and he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With regard to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

{¶15} To prove ineffective assistance of counsel, Dumas must show the following: (1) that his counsel's performance was deficient and (2) that, but for the deficiency, the outcome would have been different. *See id.* at 687. Dumas cannot meet the first prong of the *Strickland* test, as he has failed to prove that his counsel's failure to file a motion to withdraw his plea constituted deficient performance. As discussed above, the plea was knowing, voluntary, and intelligent. Therefore, his counsel was not ineffective for failing to file a motion to withdraw the plea.

{¶16} Accordingly, we overrule his second assignment of error.

## Conclusion

{¶17} Having overruled Dumas's assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry this date.