[Cite as *State v. Grimes*, 2020-Ohio-3795.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190599 |
| | | TRIAL NO. B-1902930 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JABARI GRIMES, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 22, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   A plea and concomitant sentence withstand scrutiny in this appeal when the trial court adequately explained the nature of the charges to the defendant, dutifully walked through all of the prerequisites to a plea, and considered all of the points raised in advance of sentencing before imposing a sentence within the appropriate range.  We accordingly affirm the defendant's conviction and overrule his trio of assignments of error.

I.

{¶2}   In August 2019, defendant-appellant Jabari Grimes pled guilty to one count of having a weapon while under a disability with an accompanying forfeiture specification. The plea hearing began routinely enough, with a rendition of the facts.  The state explained that in May 2019, Mr. Grimes possessed a firearm while under a disability—this disability tracing to a 2010 adjudication as a delinquent child for the commission of an offense that if committed by an adult would equate to a felony offense of violence (specifically, burglary). After confirming Mr. Grimes understood the facts at hand, the court then embarked upon a Crim.R. 11 colloquy, describing the effect of his guilty plea and the constitutional rights waived.  As Mr. Grimes supplied the proper answers to this familiar incantation, the trial court ultimately accepted his plea, finding him guilty of having a weapon while under a disability with a forfeiture specification.

{¶3}   A little over a month later, at his sentencing hearing, Mr. Grimes displayed confusion for the first time regarding his ability to carry a firearm.  Because he did not possess any felonies on his adult record, he believed that he enjoyed the right to carry a firearm, reminding the court that his prior 2016 weapons-under-disability offense was a misdemeanor instead of a felony.  The court corrected him, however, explaining that his 2010 juvenile adjudication (rather than the 2016 offense) served as the basis for the

disability, and it accordingly proceeded with sentencing. After finding Mr. Grimes not amenable to community control, the trial court sentenced him to 18 months with credit for time served. From this conviction, Mr. Grimes now appeals, challenging in three separate assignments of error the voluntariness of his plea, the effectiveness of his counsel, and his 18-month sentence.

II.

{¶4} Because Mr. Grimes's first and second assignments of error interrelate, we consider them together. As to his first, Mr. Grimes contends he did not enter his plea knowingly, intelligently, and voluntarily because he failed to grasp the nature of the charges against him. Specifically, Mr. Grimes posits that, because he labored under the belief that his previous weapons-under-disability offense was a misdemeanor, he did not recognize that he could not carry a firearm (sounding very much like an ignorance of the law excuse). To support this assertion, Mr. Grimes directs us to a specific exchange between himself and the court:

Q: So there's no reason I shouldn't send you to prison right now?

A: At first I thought I ain't have no felonies on my adult so I thought I had the right to carry a firearm. That's why I had everything separated.

Q: How could you believe that? This was your second conviction for weapon under disability?

A: I thought [the previous judge] had dropped my felony to misdemeanor one and gave me six months.

{¶5} Prior to accepting a plea in a felony case, Crim.R. 11(C)(2) requires that the court personally address the defendant, and establish that the plea is voluntary and entered with an understanding of the effect of the plea, the nature of the charges, and the maximum

penalty that the court retains at its disposal. *See State v. Giuggio*, 1st Dist. Hamilton No. C-170133, 2018-Ohio-2376, ¶ 5; Crim.R. 11(C)(2)(a) and (b). Further, the court must inform the defendant of certain constitutional rights that he waives by pleading guilty. *See State v. Phelps*, 1st Dist. Hamilton Nos. C-150204 and C-150205, 2016-Ohio-4673, ¶ 9, quoting *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus (" 'Prior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses.' "); Crim.R. 11(C)(2)(c). Notably, as relevant to this appeal, a plea may become involuntary if the defendant lacks such a complete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. *See State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 56, quoting *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), fn. 13 (" 'A plea may be involuntary either because the accused does not understand the nature of the constitutional protections he is waiving * * * or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.' ").

{¶6} As always, when explaining the constitutional rights elucidated in Crim.R. 11(C)(2)(c), the trial court must strictly comply with Crim.R. 11. *See State v. Foster*, 2018-Ohio-4006, 121 N.E.3d 76, ¶ 15 (1st Dist.). But the trial court need only substantially comply with Crim.R. 11 when explicating the rule's nonconstitutional requirements, including the nature of the charges. *See* Crim.R. 11(C)(2)(a); *State v. Morris*, 1st Dist. Hamilton No. C-180520, 2019-Ohio-3011, ¶ 16. Substantial compliance means that " 'under the totality of the circumstances the defendant subjectively understands the implications of his plea and

the rights he is waiving.' " *State v. Fannon*, 1st Dist. Hamilton No. C-180270, 2019-Ohio-1752, ¶ 6, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶7} Contrary to Mr. Grimes's belief, the nature of his prior 2016 weapons-under-disability charge sheds no light on his understanding of the current charge against him. As the state explained at the beginning of his plea hearing, Mr. Grimes's 2010 juvenile adjudication (a felony offense if committed by an adult) served as the "disability" element of the offense—not his 2016 weapons-under-disability conviction. And the trial court confirmed that Mr. Grimes realized as much, inquiring whether he understood the facts set forth by the state and offering him the opportunity to ask questions regarding those facts. When Mr. Grimes verified that he understood, the court then proceeded with a Crim.R. 11 colloquy, explaining the nature of his weapons-under-disability charge and forfeiture specification. The court then probed Mr. Grimes on whether he comprehended the charges against him and if any questions stemmed from the court's explanation, with Mr. Grimes again providing appropriate assurances.

{¶8} In fact, the first time Mr. Grimes suggested any misunderstanding as to his weapons-under-disability charge was not until his sentencing hearing, a month later. Yet, even if he mistakenly thought his prior 2016 weapons-under-disability offense formed the basis for his current charge, he nevertheless conceded that his juvenile adjudication existed as a "disability:"

> Q: Even if [the previous trial court] did drop [his 2016 conviction] to a
> misdemeanor, the plea was to a weapon under disability. Do you know why
> you're disabled?
> A: Yes, sir.
> Q: Why?

A: Because [the court] told me I had a juvenile charge, a felony.

Q: Juvenile burglary charge and an offense of violence, adjudication for that.

Did you serve time in Hillcrest for that.

A: Yes, sir.

Consequently, reviewing the totality of the circumstances, we find Mr. Grimes subjectively understood the nature of his weapons-under-disability charge.

{¶9} Although Mr. Grimes fails to directly challenge the trial court's compliance with the remainder of Crim.R. 11(C), we pause to note the court thoroughly engaged in a Crim.R. 11(C) colloquy. At the plea hearing, the trial court confirmed that Mr. Grimes understood the maximum penalty and postrelease control period involved, as well as the effect of his guilty plea and the court's ability to proceed with judgment and sentencing. *See* Crim.R. 11(C)(2)(a) and (b). Moreover, the court walked through each constitutional right waived upon entering his plea, to which Mr. Grimes responded he understood. *See* Crim.R. 11(C)(2)(c). In light of the above, we find Mr. Grimes entered his guilty plea for having a weapon under a disability knowingly, intelligently, and voluntarily. We accordingly overrule his first assignment of error.

{¶10} Turning to his related second assignment of error, Mr. Grimes challenges the constitutional adequacy of his counsel, primarily because counsel failed to ensure Mr. Grimes understood his weapons-under-disability charge and failed to move to withdraw his guilty plea after observing Mr. Grimes's confusion at the sentencing hearing. To demonstrate ineffective assistance of counsel, Mr. Grimes must show (1) that his counsel's performance was deficient, i.e., fell below an objective standard of reasonableness, and (2) that, but for this deficiency, the outcome would have differed. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

6

{¶11} Mr. Grimes cannot satisfy the first prong of *Strickland* because the record discloses no deficient performance by counsel. As discussed above, Mr. Grimes's guilty plea was knowing, voluntary, and intelligent considering the court's thorough compliance with Crim.R. 11 and his understanding that his juvenile adjudication served as the disability for his charge. Consequently, his counsel's failure to try to unravel that plea or to take additional measures to ensure that Mr. Grimes understood the weapons-under-disability charge cannot constitute deficient performance here. *See State v. Dumas*, 1st Dist. Hamilton No. C-190239, 2020-Ohio-1372, ¶ 15 ("[The defendant] cannot meet the first prong of the *Strickland* test, as he has failed to prove that his counsel's failure to file a motion to withdraw his plea constituted deficient performance. As discussed above, the plea was knowing, voluntary, and intelligent."). Accordingly, because Mr. Grimes fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness, we must overrule his second assignment of error.

### III.

{¶12} Turning to his third assignment of error, Mr. Grimes challenges his 18-month sentence, contending the evidence supported imposing community control, rather than a prison sentence. Pursuant to R.C. 2953.08(G), this court may vacate or modify a felony sentence on appeal only if clear and convincing evidence does not support the trial court's findings under relevant statutes or the sentence is otherwise contrary to law. *See State v. Savage*, 1st Dist. Hamilton No. C-180413, 2019-Ohio-4859, ¶ 12, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Generally, a sentence is not clearly and convincingly contrary to law where the court considers "the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12, properly applied postrelease control and imposed a sentence

7

within the statutory range." *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 12 (1st Dist.), citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, *abrogated on other grounds*, *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶13} Although Mr. Grimes concedes that his sentence falls within the relevant statutory range, he nevertheless insists that the court erred in sentencing him to 18 months in prison when the evidence, specifically his employment, living situation, and the absence of a victim in this case, supported imposing community control. But contrary to his assertion, the court indeed considered these points prior to sentencing him. At the sentencing hearing, the trial court heard from defense counsel regarding Mr. Grimes's long-term employment at Spring Grove and his three-year residence in the same apartment. Further, defense counsel delineated the circumstances surrounding the charge, specifically that the firearm was stored in the trunk of the car while the clip was in the glove box.

{¶14} But the court also had before it Mr. Grimes's criminal history—i.e., his 2016 weapons-under-disability conviction, 2014 failure-to-stop conviction, and juvenile adjudication for burglary—and his lack of "genuine remorse for this offense." Weighing all of these considerations, the court ultimately found that Mr. Grimes "is not likely amenable to an available Community Control sanction," and thus "[u]nder all the circumstances a prison sentence is consistent with the purposes and principles of sentencing." The record accordingly confirms that Mr. Grimes's sentence was not clearly and convincingly contrary to law. *See State v. Jackson*, 1st Dist. Hamilton No. C-180341, 2019-Ohio-2027, ¶ 16 ("[The defendant's] sentence fell within the available sentencing range and was not otherwise contrary to law."); *State v. Smith*, 1st Dist. Hamilton No. C-190235, 2020-Ohio-3516, ¶ 15

(defendant's sentence was not clearly and convincingly contrary to law where the record established that the court below considered the applicable sentencing provisions).

{¶15}   Based on the foregoing analysis, we overrule Mr. Grimes's three assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry this date.