[Cite as *State v. Kidwell*, 2020-Ohio-4806.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                  :           APPEAL NO. C-190521
                                          TRIAL NO. B-190145

     Plaintiff-Appellee,         :

   vs.                              :           *O P I N I O N.*

STEVEN KIDWELL,            :

     Defendant-Appellant.      :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: October 7, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1} Steven Kidwell appeals from the sentences imposed following his guilty pleas to three felony drug offenses. Because the trial court committed no sentencing errors, we affirm its judgment.

*Guilty Pleas*

{¶2} Kidwell was indicted for ten felony drug offenses in a 31-count indictment with five codefendants. In exchange for Kidwell's guilty pleas to aggravated trafficking in drugs (tetrahydrocannabinol, "THC"), trafficking in marihuana, and trafficking in hashish, the prosecutor dismissed the remaining seven counts. The trial court sentenced Kidwell to concurrent prison terms of 18 months, 30 months, and 30 months, respectively.

*Length of Sentence*

{¶3} In his first assignment of error, Kidwell argues that the trial court erred in sentencing him because the record does not support an aggregate prison term of 30 months. He asserts that the term was excessive and unsupported by the record.

{¶4} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; *State v. White*, 2013-Ohio-4225, 997 N.E.3d 629, ¶ 5 (1st Dist.). We will modify or vacate a sentence only if we clearly and convincingly find that the record does not support the trial court's findings or that a sentence is otherwise contrary to law. *See* R.C. 2953.08(G)(2). In addition, we presume that the trial court considered the statutory factors of R.C. 2929.11 and 2929.12, absent an affirmative demonstration to the contrary by the defendant. *State v. Patterson*, 1st Dist. Hamilton No. C-170329, 2018-Ohio-3348, ¶ 60.

{¶5} Kidwell does not argue it was error for the trial court to impose a prison term. Rather, he argues that a lesser prison term was required. We disagree.

{¶6} To support his argument, Kidwell asserts that none of the factors in R.C. 2929.12(B) applied to indicate that his conduct was more serious than conduct normally constituting the drug offenses. In contrast, he claims that R.C. 2929.12(C)(3) applied to indicate that his conduct was less serious than conduct normally constituting the offenses because he "did not cause or expect to cause physical harm to any person or property." While this might be true, Kidwell has failed to demonstrate that the trial court did not consider this factor.

{¶7} Kidwell also argues that the factors in R.C. 2929.12(D) indicate only a moderate likelihood of recidivism. Two of the factors a court must consider are whether "the offender has a history of criminal convictions," R.C. 2929.12(D)(2), and whether "the offender has not responded favorably to sanctions previously imposed for criminal convictions." R.C. 2929.12(D)(3). Kidwell has a lengthy criminal and juvenile record, which includes state felony convictions and prison sentences for theft, drug abuse, and aggravated burglary. And Kidwell's record includes convictions in federal court in 2004 and 2005 for conspiracy with intent to distribute drugs, specifically over 400 pounds of marihuana and 36 kilos of cocaine. For those offenses, Kidwell was sentenced to 151 months of incarceration (about 12.5 years) and 60 months of supervised release. Kidwell was released in 2014 after serving just over ten years.

{¶8} Kidwell claims that R.C. 2929.12(E)(3) applied to indicate that he was not likely to commit future crimes, specifically that "[p]rior to committing the offense, the offender had led a law-abiding life for a significant number of years." Kidwell asserts that his last arrest occurred 15 years before the current offenses and

that he had been released from his 60-month period of postrelease supervision after only 18 months. However, this argument ignores the fact that Kidwell was in federal prison for ten of those 15 years (from May 2004 until June 2014) and that his arrest on the current offenses in January 2019 came at the end of an eight-month investigation.

{¶9}  The trial court noted that it considered Kidwell's record, the mitigation offered by defense counsel, the statements of support by Kidwell's employers, family, and friends, and favorable comments made by an investigating officer about Kidwell. The court imposed the maximum prison term for the aggravated-trafficking offense, but did not impose the maximum prison terms for either the trafficking-in-marihuana or trafficking-in-hashish offenses. Thus, Kidwell's sentences fell within the available sentencing ranges for the offenses and were not contrary to law. *See State v. Giuggio*, 1st Dist. Hamilton No. C-170133, 2018-Ohio-2376, ¶ 17. The first assignment of error is overruled.

*Allied Offenses*

{¶10}  In his second assignment of error, Kidwell argues that the trial court erred when it failed to merge the offenses because they were allied offenses of similar import. However, by failing to seek the merger of his convictions as allied offenses of similar import in the trial court, Kidwell forfeited all but plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. To prevail on a claim of plain error, Kidwell must "demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus." *Id.*

4

{¶11} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court set forth the test to determine if two offenses are allied offenses of similar import:

Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 30–31.

{¶12} Kidwell asserts that THC is the active ingredient in marihuana and hashish and that he should not have been separately convicted for offenses involving the simultaneous possession of THC, marihuana, and hashish. He acknowledges that THC, marihuana, and hashish are all separately categorized as Schedule I controlled substances. *See* R.C. 3719.41(C)(19), (27), and (32).[1] Multiple convictions

---

[1] R.C. 3719.41 has been amended to incorporate the schedules adopted by the State Board of Pharmacy, which currently list marihuana, THC (excluding "hemp" and "hemp products"), and hashish as Schedule I controlled substances. *See* R.C. 3719.41; Ohio Adm.Code 4729:9-1-01(D)(23), (31), and (39).

relating to different controlled substances are not allied offenses of similar import and are not subject to merger. *See State v. Stuckey*, 1st Dist. Hamilton No. C-170285, 2018-Ohio-4435, ¶ 12. Therefore, the trial court did not commit plain error by sentencing Kidwell separately on the offenses. We overrule the second assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**BERGERON** and **CROUSE, JJ.**, concur.

Please note:

The court has recorded its own entry this date.