[Cite as *State v. Hall*, 2012-Ohio-2539.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2011 CA 32 |
| v. | : | T.C. NO. CRB1001238 |
| DONALD D. HALL | : | (Criminal appeal from Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ___8th___ day of ___June___, 2012.

. . . . . . . . . .

BETSY A. DEEDS, Atty. Reg. No. 0076747, Assistant Fairborn Prosecutor, 510 West Main Street, Fairborn, Ohio 45324
        Attorney for Plaintiff-Appellee

SHAWN P. HOOKS, Atty. Reg. No. 0079100, 131 N. Ludlow Street, Suite 630, Dayton, Ohio 45420
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}    Donald Hall appeals from a judgment of the Fairborn Municipal Court,

which denied Hall's motion to withdraw his guilty plea. For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 2} In June 2010, Hall was charged with telephone harassment, a first degree misdemeanor, based on telephone calls that he made to an individual who had been hired to perform contracting work at his home. During the pendency of his case, Hall requested several continuances based, in part, on treatment he was receiving for his back. The trial court ultimately required Hall to submit documentation from his treating physician as to why he could not attend the trial, which was scheduled for February 9, 2011.

{¶ 3} On February 4, 2011, Hall again moved for a continuance, stating that he was involved in an automobile accident in December 2010, that he was recovering from back surgery prior to the accident, and that, as a result of the accident, he "has been receiving prescription pain killers, such as vicodin and percocet." Hall stated that he did "not believe that accurate testimony can be elicited while under heavy painkillers," which he reportedly took several times a day. Hall attached a doctor's note indicating that Hall was under the doctor's care for a motor vehicle accident injury and was participating in therapy; the note asked the court to "please excuse [Hall] from court until improved." Four days later, Hall supplemented the motion with a letter from his chiropractor, which stated that Hall was under his care for cervical, thoracic and lumbar spinal injuries sustained in the car accident and that "it is recommended that Donald Hall not attend court hearing scheduled for February 9, 2011." The trial court overruled the motion for a continuance, noting that the doctors' information was "vague" and failed to provide any indication as to when Hall

would be well enough to appear in court.

{¶ 4}　On February 9, 2011, Hall appeared with counsel, waived a jury trial (which he had requested), and entered a guilty plea to menacing, a fourth degree misdemeanor. The court immediately sentenced him to 30 days in jail, all of which were suspended on the condition that he complete two years of unsupervised community control, have no contact with the complainant, and stay at least 500 feet from the complainant for two years. Hall was also ordered to pay a $150 fine and court costs.

{¶ 5}　Approximately three weeks later, Hall, with new counsel, filed a motion to withdraw his guilty plea. Hall stated that he believed that he was "unable to assist counsel or knowingly and voluntarily make a guilty plea due to the influence of the pain killers" at the time the plea was entered. The trial court held a hearing on the motion, at which Hall's counsel presented argument on his behalf. No witnesses testified, and no documentary evidence was submitted. At the end of the hearing, the trial court orally overruled the motion. The court subsequently entered a written entry, which stated, in part:

> The Court remembers defendant's conduct on February 9, 2011; his questions; his demeanor; and his answers provided to this Court at the time of the plea and sentence. The Court did not observe or hear any indication that defendant was impaired. In fact, defendant answered all questions intelligently. Further, defendant did provide prior to the plea a request for continuance and a note from a doctor indicating that he was in therapy. The note from the doctor did not provide any information verifying that defendant was taking any medication which could impair his thinking ability.

Defendant also did not provide any medical documentation at the hearing on March 4, 2011, that the prescription medication he was taking on February 9, 2011, impaired his thinking.

The court therefore concluded that no manifest injustice existed.

{¶ 6}    Hall appeals from the trial court's judgment.

II.

{¶ 7}    Hall raises three assignments of error.  His first and second assignments of error state:

THE TRIAL COURT ERRED WHEN IT ACCEPTED MR. HALL'S CHANGE OF PLEA TO AN AMENDED CHARGE WHEN THE SUBSEQUENT GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY GIVEN.

THE COURT ABUSED ITS DISCRETION WHEN IT OVERRULED THE MOTION TO VACATE THE GUILTY PLEA IN LIGHT OF THE MANIFEST INJUSTICE THAT OCCURRED.  HIS GUILTY PLEA WAS MADE WHILE HE WAS UNDER THE INFLUENCE OF PRESCRIPTION DRUGS AND THE TRIAL COURT DEPRIVED MR. HALL OF HIS RIGHT TO DUE PROCESS BY NOT HAVING A PROPER EVIDENTIARY HEARING ON THE MOTION.

{¶ 8}    In his first and second assignments of error, Hall claims that the trial court failed to conduct a proper hearing on his post-sentence motion to withdraw his plea and that the court should have granted his motion.

{¶ 9}    Criminal Rule 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."   Crim.R. 32.1 thus sets forth two different standards for the trial court to apply when addressing a motion to withdraw a plea, based on whether the motion was filed before or after sentencing.

{¶ 10}    A defendant's motion to withdraw a plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal.  *State v. Xie*, 62 Ohio St.3d 521, 526-27, 584 N.E.2d 715 (1992).   This does not mean that a defendant has an absolute right to withdraw his plea prior to sentencing.  *Id.* at paragraph one of the syllabus.   A trial court does not abuse its discretion in denying a pre-sentencing motion to withdraw a guilty plea

> (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused it given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*State v. Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶ 11}    In contrast, the withdrawal of a guilty plea after sentencing is permitted only in the most extraordinary cases.  *State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E.2d

1324 (1977). A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. Crim.R. 32.1; *State v. Harris,* 2d Dist. Montgomery No. 19013, 2002-Ohio-2278, ¶ 7, citing *Smith* at paragraph one of the syllabus. Consideration of "[t]he motion is 'addressed to the sound discretion' of the trial court." *Harris* at ¶ 7, citing *Smith* at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. *Id.* at ¶ 7, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). An abuse of discretion means "that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.*

{¶ 12} The trial court is not required to hold an evidentiary hearing on every post-sentence motion to withdraw a plea. *E.g*., *State v. Harden*, 2d Dist. Montgomery No. 24063, 2012-Ohio-1657, ¶ 14. "A hearing is required only if the facts alleged by the defendant, if accepted as true, would require the plea to be withdrawn." *State v. McComb*, 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 19. The trial court should hold a hearing "unless it is clear that denial of the motion is warranted." *Id.*, quoting *State v. Francis*, 104 Ohio St.3d 490, 500, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 51. The trial court may satisfy the requirement for a full and fair hearing on a motion to withdraw a plea by allowing the defendant and his attorney to speak at a hearing and to explain the basis for the motion. *State v. Burnett*, 2d Dist. Montgomery No. 20496, 2005-Ohio-1036, ¶ 20-21.

{¶ 13} In this case, the trial court conducted a hearing on Hall's motion to withdraw his plea on April 26, 2011, approximately seven weeks after his motion was filed. During the hearing, Hall's counsel expressed to the court that Hall's motion was filed promptly and that Hall believed that there was a manifest injustice "by [the court's] accepting his guilty

plea while he was high on prescription pills that were recently prescribed by a doctor." Counsel argued that Hall's body had not had time to "to adapt or get used to the prescriptions and how they would impact him before he made this guilty plea before the Court." Counsel noted that Hall had twice moved for a continuance of the February trial date so that he could become accustomed to the Vicodin and Percocet, which were prescribed after his back surgery. (In his motion to withdraw his plea, Hall had stated that the medications were prescribed after his December 13, 2010 automobile accident. According to Hall's October 13, 2010 motion for a continuance, his back surgery occurred in mid-October 2010 in Arizona.) Counsel described these medications as "mind-altering drugs that can completely alter the Defendant's state of being and mind." Counsel argued that Hall was presented with "the choice between two evils[:] either possible conviction on a higher count because he couldn't help his counsel, or accepting the plea deal offered by the prosecution." Finally, counsel asserted that a continuance should have been granted, and a plea deal could have been made a few weeks in the future, after Hall had adapted to his medication.

{¶ 14} The prosecutor responded to Hall's arguments by noting that Hall's prior counsel "understood the facts and circumstances surrounding the plea," that the Court had been "involved with this case from the beginning," and that Hall's motion reflected a change of heart. Hall's counsel denied that Hall had "buyer's remorse" and argued that Hall's motion reflected that it was based on his realization that he was under the influence of drugs when he entered his plea.

{¶ 15} At the conclusion of counsel's arguments, the trial court orally overruled the

motion. The court indicated that it remembered the plea hearing and that Hall's demeanor and questions to his attorney "were all intelligent, well-informed questions that we had discussion about with both sides of counsel present." The court expressed that there was nothing in his behavior, questions, or responses that led the court to believed that Hall was not fully aware and capable of proceeding with the plea. The court subsequently filed a written entry reflecting its reasoning and noting that no evidence had been submitted to substantiate Hall's claims.

{¶ 16} We find nothing inadequate with the trial court's hearing on the motion to withdraw Hall's plea. Counsel for Hall and the State were given opportunities to present their positions on the motion. Hall did not express to the court any intention to present witnesses and/or documentary evidence during the hearing, and there is no indication in the record that the trial court precluded Hall from presenting relevant testimony, documentary evidence, or additional argument. The trial court's hearing comported with the requirements of due process, and the court gave full consideration to the motion.

{¶ 17} We also find no abuse of discretion in the trial court's decision to overrule Hall's motion. Hall's motion was based on his assertion that he was impaired by his use of prescription pain medication during the plea hearing. The trial court apparently disbelieved Hall's assertion based on its recollection of Hall's behavior, statements, and demeanor during the plea hearing. Nothing in the transcript of the plea hearing suggests that Hall was, in fact, impaired by his use of prescription pain medication.

{¶ 18} Hall further notes that the trial court never made an express finding during the plea hearing that his plea was knowing, intelligent, and voluntary. Crim.R. 11 sets forth

distinct procedures for the trial court to following in accepting a plea, with the procedures varying based on whether offense involved is a "petty" misdemeanor, a "serious" misdemeanor, or a felony. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11; see Crim.R. 2 (defining classifications of offenses). For a petty misdemeanor, such as Hall's menacing offense, the trial court was required only to inform Hall of the effect of his guilty plea, *i.e*., that his guilty plea was a complete admission of guilt. *Id.* at ¶ 14, ¶ 25; Crim.R. 11(E). The trial court satisfied this obligation by asking Hall if he understood that his plea "was a complete admission of guilt to the charge as it has now been amended."

**{¶ 19}** As opposed to felonies or serious misdemeanors, the trial court was not required to make an express finding that Hall's plea was made knowingly, intelligently, and voluntarily, and Hall concedes in his brief that there was "technical compliance with the mandates of Crim.R. 11(E)." We note that the trial court went beyond the requirements under Crim.R.11(E) and asked Hall, among other things, whether anyone had forced him to change his plea; after a discussion with his attorney, Hall responded, "No." Based on the transcript of the plea hearing, we find no indication that Hall's plea was not made knowingly, intelligently, and voluntarily. The trial court did not abuse its discretion in finding no manifest injustice and in denying Hall's motion to withdraw his plea.

**{¶ 20}** The first and second assignments of error are overruled.

III.

**{¶ 21}** Hall's third assignment of error states:

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF

COUNSEL WHEN HIS ATTORNEY FAILED TO EFFECTIVELY PARTICIPATE IN THE HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS PLEA.

{¶ 22} In his third assignment of error, Hall claims that his counsel at the hearing on the motion to withdraw his plea was deficient, because she failed to present any witnesses and documentary evidence on his behalf.

{¶ 23} We review claims of ineffective assistance of counsel under the two prong analysis set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To reverse a judgment based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that counsel's errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Strickland,* 466 U.S. at 688. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Id.*

{¶ 24} Hall states that he had "ample medical documentation" to present at the hearing and that he was willing to testify on his own behalf. He claims that, had his counsel presented this testimony and evidence at the hearing, he would have been able to show that Vicodin and Percocet are mind-altering drugs that his physician felt would impair his decision-making.

{¶ 25} Even if we were to assume, for sake of argument, that Hall's counsel should have called Hall to testify and offered the medical records during the hearing, we find no

reasonable probability that the outcome of the hearing would have been different. The trial court's decision did not question the veracity of Hall's assertion that he was taking Vicodin and Percocet due to an automobile accident and a preexisting back problem. Rather, the trial court's decision was based on the court's perception that Hall was not, in fact, impaired during the plea hearing. It is not likely that the outcome of the hearing would have been different had Hall supplemented his attorney's arguments with his own testimony that he was impaired by the medications, absent some additional evidence substantiating that claim.

{¶ 26} Hall's medical records are not in the record, and we can only speculate whether they would establish that Hall's use of the prescription pain medication affected his ability to enter a knowing, intelligent, and voluntary plea. Even if Hall's documentation substantiated his medical condition and his use of prescription medication, such documentation would likely not have affected the trial court's decision, absent some showing of actual impairment due to the use of the medicine; even if Hall had begun taking Percocet and Vicodin shortly after his December 13 automobile accident, he would have been taking those medications for more than a month by the time he entered his plea. In short, with the record before us, we cannot conclude that there was a reasonable probability that the outcome of the hearing would have been different had counsel presented Hall's medical records and called Hall to testify.

{¶ 27} Hall's third assignment of error is overruled.

IV.

{¶ 28} The trial court's judgment will be affirmed.

. . . . . . . . . .

GRADY, P.J. and HARSHA, J., concur.

(Hon. William H. Harsha, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Betsy A. Deeds
Shawn P. Hooks
Hon. Beth W. Root