[Cite as *State v. Littleton*, 2015-Ohio-4143.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150056 |
| | | C-150057 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1405070 |
| | | B-1307184 |
| vs. | : | |
| | | *O P I N I O N.* |
| RALPH LITTLETON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed in C-150057; Reversed and Cause
                                           Remanded in C-150056

Date of Judgment Entry on Appeal:  October 7, 2015


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,


*Timothy McKenna*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     These are criminal appeals from convictions in two criminal cases. Ralph Littleton argues that his convictions should be reversed because his guilty pleas to the offenses were not knowingly, intelligently and voluntarily made.  Because the court failed to conduct the plea colloquoy that is required by Crim.R. 11(C) when it accepted his pleas in one of the cases, we reverse the judgment in that case.  We affirm the judgment in the other case.

### I.  Background

{¶2}     Mistakes happened in both cases that are subject of this appeal.  For clarity, we consider each case in turn.

### A.  The Case Numbered B-1307184

{¶3}     In May 2014, Mr. Littleton pled guilty to aggravated possession of drugs and having a weapon while under a disability in the case numbered B-1307184.  The court conducted a plea hearing and scheduled sentencing for a month later.   When Littleton failed to appear for sentencing, the court issued a capias for his arrest.

{¶4}     Three months later, Mr. Littleton was arrested.  In September 2014, he appeared before the court for sentencing, but because he had picked up more charges, the court rescheduled the sentencing hearing.  The court realized, however, that it had failed to inform Littleton that a mandatory fine of $5,000 would be imposed for aggravated possession of drugs, so it took the opportunity to correct that error.  The plea form was amended to reflect the mandatory fine and initialed and signed by Littleton. The court also explained the change to Littleton.  Littleton's counsel assured the court, "Judge, he's satisfied with the rest of the plea information and we would just note the

only amendment was to the mandatory fine." The case was continued until January 2015.

{¶5} On January 9, 2015, before he was to be sentenced, the court announced that it needed to make sure Littleton understood the nature of the forfeiture specification that stemmed from the weapon-under-disability count. Mr. Littleton pled guilty to the specification, and the court accepted the guilty plea after conducting a full Crim.R. 11 colloquy with him. In the appeal numbered C-150057, Mr. Littleton argues the guilty pleas in the case numbered B-1307184 were not knowingly, intelligently and voluntarily made.

### B. The Case Numbered B-1405070

{¶6} During the time between his plea hearing for the case numbered B-1307184 and subsequent arrest, Mr. Littleton managed to pick up more charges. In the case numbered B-1405070, he was charged with failure to comply, two counts of aggravated possession of drugs and having a weapon while under a disability.

{¶7} On January 9, 2015, Mr. Littleton signed a plea form agreeing to plead guilty to failing to comply and having a weapon while under a disability. The other two charges were dismissed. After accepting the guilty plea to the forfeiture specification in the case numbered B-1307184, the court asked about the failure-to-comply charge in the case numbered B-1405070. The assistant prosecuting attorney read the facts behind that charge, and without having conducted any plea colloquy on the B-1405070 charges, the court imposed the agreed upon sentences for both cases. In the appeal numbered C-150056, Mr. Littleton challenges the court's acceptance of his guilty pleas in the case numbered B-1405070.

## II. Mr. Littleton's Appeals

{¶8} Mr. Littleton asserts that the trial court erred when it accepted his guilty pleas. He argues that his pleas in the case numbered B-1307184 were not knowingly, intelligently and voluntarily made, because the court failed to inform him about the mandatory fine and about the forfeiture specification, and that in the case numbered B-1405070, the court neglected to inform him of the constitutional rights that were waived by his guilty pleas.

{¶9} Before accepting a plea, the court must ascertain that the plea is voluntary and that the defendant understands the effect of his plea, the nature of the charges against him and the maximum sentence he faces. Crim.R. 11(C)(2). The court must also inform the defendant—and ensure that he understands—that as a result of pleading guilty, he is waiving constitutional rights. Crim.R. 11(C)(2)(c). The court must strictly comply with the constitutional provisions; absent strict compliance, the plea is invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus. For the nonconstitutional provisions, substantial compliance is required. *Id.* at ¶ 14. When a plea is challenged under the substantial-compliance standard, a defendant must show he was prejudiced—that is, that he would not have otherwise pled had the court complied with Crim.R. 11(C). *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶10} As to the case numbered B-1307184, there is no question that the court strictly complied with Crim.R. 11's constitutional provisions with respect to the aggravated-possession and weapon-under-disability charges and the accompanying forfeiture specification. The court initially failed to inform Littleton about the mandatory fine, but substantially complied when it explained the imposition of the fine to Littleton during the September hearing. Even if this supplementary plea

hearing did not amount to substantial compliance with the rule, Mr. Littleton cannot demonstrate that he would not have otherwise pled. Through counsel, he acknowledged he was satisfied with the rest of the plea. Further, the mandatory fine was waived once counsel filed an affidavit of indigency on Littleton's behalf. Absent a showing of prejudice to Littleton, we conclude that the court did not err when it accepted his guilty pleas in the case numbered B-1307184.

{¶11}　The case numbered B-1405070 is another story. In that case, no plea colloquy was conducted. Thus, because the court did not inform Littleton about the constitutional rights he was waiving by pleading guilty, the pleas were invalid. In its brief, the state concedes the error. We therefore sustain the assignment of error with respect to the case numbered B-1405070, but overrule it with respect to the case numbered B-1307184.

### III.　Conclusion

{¶12}　Because the trial court erred when it accepted Littleton's guilty pleas in the case numbered B-1405070, we reverse the court's judgment in the appeal numbered C-150056 and remand the case to the trial court. We affirm the court's judgment in the appeal numbered C-150057.

Judgment accordingly.

**CUNNINGHAM, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.