[Cite as *State v. Morris*, 2019-Ohio-3011.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180520 |
| | | TRIAL NO. B-1706912 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| STEPHEN MORRIS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 26, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1} Defendant-appellant Stephen Morris appeals from the trial court's judgment convicting him, upon a guilty plea, of rape. In three assignments of error, he argues that the trial court erred in denying his request for independent laboratory testing of DNA evidence, that his trial counsel rendered ineffective assistance, and that his plea was not entered knowingly or voluntarily because the trial court failed to properly advise him about postrelease control.

{¶2} Finding Morris's assignments of error to be without merit, we affirm the trial court's judgment.

### Factual and Procedural Background

{¶3} The grand jury issued an indictment charging Morris with two counts of rape in violation of R.C. 2907.02(A)(1)(b). The victim of these offenses was a 12-year-old girl who became pregnant following the rape. DNA testing obtained by the state showed that Morris was the father of the victim's baby.

{¶4} Morris's counsel made an oral motion for the DNA samples to be retested at a private lab, but the trial court overruled the motion. Morris then entered a guilty plea to one count of rape in return for the state dismissing the second count. The trial court imposed a sentence of 10 years' to life imprisonment.

### Denial of Independent DNA Test

{¶5} In his first assignment of error, Morris argues that the trial court erred by denying his request for independent laboratory testing of the DNA evidence.

{¶6} A guilty plea waives "any complaint as to claims of constitutional violations not related to the entry of the guilty plea." *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105; *see State v. Watson*, 1st Dist. Hamilton

Nos. C-170598 and C-170648, 2018-Ohio-4971, ¶ 3 (a guilty plea "waives the right to appeal all nonjurisdictional defects in the proceedings."). By pleading guilty, Morris waived the right to challenge the trial court's denial of his request for an independent DNA test. The first assignment of error is accordingly overruled.

### *Ineffective Assistance*

{¶7} In a related second assignment of error, Morris argues that his counsel was ineffective for failing to file a written motion for independent laboratory testing of the DNA evidence.

{¶8} Counsel will not be considered ineffective unless her or his performance was deficient and caused actual prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Counsel's performance will only be deemed deficient if it fell below an objective standard of reasonableness. *Strickland* at 688; *Bradley* at 142. A defendant is only prejudiced by counsel's performance if there is a reasonable probability that the outcome of the proceedings would have been different but for the deficient performance. *Strickland* at 694; *Bradley* at 142. A reviewing court must indulge a presumption that counsel's behavior fell within the acceptable range of reasonable professional assistance. *Strickland* at 689; *Bradley* at 142.

{¶9} Here, counsel was not deficient for failing to file a written motion for an independent DNA test. Counsel made an oral motion to have the DNA samples retested, which sufficiently placed the issue before the court and which the court, in fact, considered. Morris contends that counsel failed to zealously argue the issue when the oral motion was raised, but the record belies this contention. When making the oral motion, counsel stated that after reviewing the initial reports and speaking with the crime lab, he had no concerns with the chain of custody, the actual testing, or qualifications of the lab analyst. Rather, he requested independent testing

to test the result. Counsel advocated for Morris while honestly assessing the issue before the court, and his performance was not deficient.

{¶10} Moreover, because the court in fact considered the motion, Morris can show no prejudice from the lack of a written motion or more particularized argument. The court considered the request and denied it.

{¶11} The second assignment of error is overruled.

### *Plea was Knowing and Voluntary*

{¶12} In his third assignment of error, Morris argues that his plea was not entered knowingly or voluntarily because the trial court failed to properly advise him of the consequences of postrelease control.

{¶13} The following discussion regarding postrelease control occurred during the plea colloquy:

THE COURT: I also need to advise you since I will be sending you to prison—I should check this. I apologize. As far as post-release control, on a life sentence, generally, I don't have to say anything about that. But I am not sure. This is a sex offense. Let's do it this way. There is a thing called post-release control. I am sure [defense counsel] has talked to you about it. Here is the deal. If I sentence you to prison, which I am going to do, upon your release from prison, if in fact you are released, you will be placed on post-release control for five years. Do you understand that?

MORRIS: Yes.

THE COURT: I also need to advise you, then, that if in fact you are— upon your release from prison, if you were to violate any of the conditions of the post-release control, you could be returned to the institution for a total of up to one-half of the original sentence. Do you understand that?

MORRIS: Yes.

THE COURT: Thank you, sir. Anything on that, [defense counsel]?

DEFENSE COUNSEL: No, Your Honor.

PROSECUTOR: Just in this case, I think he could actually return for life because it would be a parole violation.

THE COURT: I am not sure of that. You have to consider it because I don't know that anybody can answer that. It is not that we don't know. It depends on what would happen years from now. Technically, if you were to go to prison, get out, be placed on post-release control, violate the post-release control, there is a scenario where you could go back to prison again for life. It could be, the way I am reading the statute and the language right now, it could be half of that, whatever that means. I am not sure. But I need to make sure that you are aware that there are serious, serious, ramifications if you were to be released from prison, you violated the post-release control. Do you understand that?

MORRIS: Yes.

THE COURT: Okay. I think that's the best I can do for you. Not trying to hide anything or anything like that. None of us can really give you an answer better than that. I appreciate that, sir.

PROSECUTOR: I think the new felony rules still apply for post-release control.

DEFENSE COUNSEL: Yes.

PROSECUTOR: You didn't read that yet. Wanted to make sure you didn't skip that.

THE COURT: I didn't say—

PROSECUTOR: If you commit a new felony while on post-release control.

THE COURT:  I did say, if you violate any of the conditions of the post-release control, you could be returned to the institution for a total of up to one-half of the original sentence or that explanation that I just gave you. Do you understand that?

MORRIS:  Yes.

THE COURT:  Does that cover—

PROSECUTOR:  If you commit a new felony while on post-release control, you could be returned for one year or the remaining period of post-release control.  You didn't say that part.

THE COURT: I don't do that part.  I don't think I have to.

DEFENSE COUNSEL:  It is not a problem, Judge.  I think he clearly understands the ramifications.

{¶14}  Morris contends that the trial court's explanation of postrelease control was confusing and inconsistent, rendering his plea unknowing and involuntary.

{¶15}  Crim.R. 11(C) requires a trial court, before accepting a guilty plea to a felony offense, to address the defendant and verify that the defendant is entering the plea voluntarily, with an understanding of the effect of the plea, the nature of the charges, and the maximum penalty available.  The court must additionally inform the defendant of various constitutional rights that the defendant is waiving by entering a guilty plea. *State v. Giuggio*, 1st Dist. Hamilton No. C-170133, 2018-Ohio-2376, ¶ 5; *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.  It must also advise the defendant about any applicable period of postrelease control and the sanctions that would be incurred for a postrelease control violation. *Giuggio* at ¶ 5.

{¶16}  The trial court must strictly comply with Crim.R. 11 when it explains the constitutional rights that are being waived.  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Foster*, 2018-Ohio-4006, 121

6

N.E.3d 76, ¶ 15 (1st Dist.). But the trial court need only substantially comply with Crim.R. 11 when explaining the rule's nonconstitutional provisions, including the nature of the charges, the maximum penalty involved, postrelease control obligations, and the effect of the plea. *State v. Partee*, 1st Dist. Hamilton No. C-120432, 2013-Ohio-908, ¶ 2; *Veney* at ¶ 14. Substantial compliance "means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶17} When a trial court fails to substantially comply with Crim.R. 11 regarding a nonconstitutional provision, a reviewing court must determine whether the trial court partially complied or failed to comply with the rule. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. If the trial court partially complied, the plea may only be vacated if the defendant demonstrates prejudice. *Id.* A defendant shows prejudice by establishing that the plea would not have otherwise been made if the defendant had been fully informed. *Id.*, citing *Nero* at 108. But where the trial court completely fails to comply with a nonconstitutional provision of the rule, the plea must be vacated. *Id.*

{¶18} Here, because Morris was convicted of rape, which is both a first-degree felony and a felony sex offense, he was subject to a five-year period of postrelease control pursuant to R.C. 2967.28(B)(1). The imposition of an indefinite life sentence did not eliminate this portion of his required sentence. *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 20; *State v. Miller*, 1st Dist. Hamilton No. C-120109, 2012-Ohio-5964, ¶ 28.

{¶19} Following our review of the record, we hold that the trial court substantially complied with requirement that it advise Morris regarding any applicable period of postrelease control. It correctly informed Morris that if he were to be released from prison, he would be subject to a five-year period of postrelease control, and that if the conditions of postrelease control were violated, Morris could

be returned to prison for up to one half of his original sentence. The record demonstrates that Morris subjectively understood that he would be subject to postrelease control and that he was aware of the consequences for violating postrelease control.

{¶20} We find that Morris entered his plea knowingly and voluntarily, and we overrule the third assignment of error.

### *Conclusion*

{¶21} Having overruled Morris's assignments of error, we accordingly affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.