[Cite as *State v. Fleming*, 2022-Ohio-740.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210297 |
| | | TRIAL NO. B-1903749 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| JOSEPH FLEMING, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 11, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant-appellant Joseph Fleming appeals the judgment of the trial court sentencing him to eight years in the Department of Corrections. For the reasons that follow, we affirm.

## Background

{¶2} In 2019, the state indicted Fleming on ten felony counts. In April 2021, Fleming and the state entered into a plea agreement where Fleming agreed to plead guilty to count 10, aggravated robbery with an accompanying firearm specification, in exchange for the dismissal of all remaining counts, except count 4, having weapons while under a disability. Count 4 had previously been severed from the other counts in the indictment. Fleming and the state agreed to jointly recommend that the trial court impose a sentence of three years in prison on count 10, to be served consecutively to three years in prison on the underlying firearm specification. Count 4 would proceed to a bench trial the following day.

{¶3} The next day, Fleming pleaded guilty to count 4, with a potential sentencing range of nine to 36 months in prison. The trial court accepted Fleming's plea and imposed a two-year prison term on count 4, to run consecutively to the agreed-upon six year sentence on count 10 and its accompanying specification, for a total of eight years in prison.

{¶4} Fleming appeals.

## Unknowing and Involuntary Plea

{¶5} In his first assignment of error, Fleming argues that his pleas were unknowing and involuntary.

2

{¶6} Under Crim.R. 11(C)(2), a trial court must personally address the defendant and establish that the defendant's plea is voluntary, and that the defendant understands the effect of the plea, the nature of the charges, and the maximum penalty involved. Crim.R. 11(C)(2)(a)-(b). The trial court must substantially comply with the requirements under Crim.R. 11(C)(2). Substantial compliance means that " 'under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *State v. Fannon*, 1st Dist. Hamilton No. C-180270, 2019-Ohio-1752, ¶ 6, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "When a plea is challenged under the substantial-compliance standard, a defendant must show he was prejudiced—that is, that he would not have otherwise pled had the court complied with Crim.R. 11(C)." *State v. Littleton*, 1st Dist. Hamilton Nos. C-150056 and C-150057, 2015-Ohio-4143, ¶ 9, citing *Nero* at 108.

{¶7} Here, Fleming argues that he was confused regarding the nature of the pleas. The record reflects that Fleming agreed to plead guilty to count 10, in exchange for the dismissal of all remaining counts, except for count 4. Count 4 would then proceed to a bench trial the following day. Fleming indicated that he understood that count 4 would proceed to a bench trial.

{¶8} The following day, Fleming expressed confusion with regard to the outstanding nature of count 4. Fleming told the court that he did not understand that he would be going to trial on count 4 and expressed to the court that he did not want to go to trial. The trial court permitted Fleming to consult with his attorneys off the record. After the off-the-record discussions, Fleming then indicated that he

3

wanted to plead guilty to count 4. The matter then proceeded to sentencing on count 4 without any objection from Fleming.

{¶9} Although the record reflects that Fleming initially expressed confusion regarding the effect of the plea deal, the trial court gave Fleming the opportunity to consult with counsel in order to cure any confusion Fleming may have had. The record supports that Fleming knowingly and voluntary entered his pleas.

{¶10} We overrule Fleming's first assignment of error.

**Ineffective Assistance of Counsel**

{¶11} In his second assignment of error, Fleming argues that he received ineffective assistance of counsel because of his attorneys' failure to request a continuance.

{¶12} In order to demonstrate ineffective assistance of counsel, Fleming must prove that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by that deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶13} Fleming argues that counsel was ineffective for failing to request a continuance during the plea hearing so that Fleming and his attorneys could discuss the ramifications of his pleas. Fleming argues that he did not understand that he still had an outstanding charge against him—count 4. The record shows that Fleming had an off-the-record discussion with counsel, and that when the hearing continued on the record, Fleming expressed no confusion and reiterated his desire to plead

guilty to count 4. The record does not reflect any deficiency by counsel, or that had counsel requested a continuance, Fleming would not have pleaded guilty.

{¶14} We overrule Fleming's second assignment of error.

## Sentencing

{¶15} In his third and fourth assignments of error, Fleming argues that the trial court erred in sentencing him. Fleming argues that the trial court erred in failing to merge the offenses of aggravated robbery and having weapons while under a disability.

{¶16} R.C. 2941.25 prohibits multiple punishments for allied offenses of similar import. "[W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. "An affirmative answer to any of the above will permit separate convictions." *Id.*

{¶17} This court has held that aggravated robbery and having weapons while under a disability are not allied offenses of similar import subject to merger, because the offenses are of dissimilar import. *State v. Dalmida*, 1st Dist. Hamilton No. C-140517, 2015-Ohio-4995, ¶ 33. In *Dalmida*, this court reasoned that the offense of having weapons while under a disability " 'manifests a legislative purpose to punish the act of possessing a firearm while under a disability separately from any offense committed with the firearm.' " *Id.* at ¶ 32, quoting *State v. Bates*, 1st Dist. Hamilton No. C-140033, 2015-Ohio-116, ¶ 30.

5

{¶18}  Because the offenses of aggravated robbery and having weapons while under a disability are of dissimilar import, the trial court did not err in failing to merge counts 4 and 10.

{¶19}  Fleming also argues that the trial court erred in imposing consecutive sentences.  R.C. 2929.14(C)(4) requires the trial court to make certain findings before imposing nonmandatory consecutive sentences.  *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252.  R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of

the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} This court reviews the trial court's consecutive-sentencing findings under R.C. 2953.08(G), and this court may modify or vacate the sentence only if we clearly and convincingly find that the record does not support the findings. *State v. Roland*, 1st Dist. Hamilton Nos. C-210299 and C-210300, 2021-Ohio-4077, ¶ 37.

{¶21} Fleming argues that concurrent time would have been sufficient punishment given his background and mental-health issues. The record shows that the trial court considered defense counsel's arguments with regard to Fleming's mental-health issues. Nevertheless, the court found that consecutive sentences were appropriate: Fleming had an outstanding warrant at the time of these offenses and had a criminal history of drug trafficking; moreover, during the course of the aggravated robbery, Fleming shot the victim in the leg. The trial court did not err in imposing consecutive sentences.

{¶22} We overrule Fleming's third and fourth assignments of error.

## Conclusion

{¶23} We affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON, P.J.,** and **BOCK, J.,** concur.

Please note:

7

The court has recorded its own entry on the date of the release of this opinion.