[Cite as *State v. Allen*, 2022-Ohio-1872.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2021-CA-31 & |
| | : | 2021-CA-32 |
| v. | : | |
| | : | Trial Court Case Nos. 2021-CRB-1996 |
| MARVIN L. ALLEN, JR. | : | & 2021-CRB-1997 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Municipal Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of June, 2022.

. . . . . . . . . . .

LENEE BROSH, Atty. Reg. No. 0075642 & JARED B. CHAMBERLAIN, Atty. Reg. No. 0090785, Prosecuting Attorneys, Miami County Municipal Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
        Attorneys for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 120 West Second Street, #603, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Marvin L. Allen, Jr., appeals his convictions for one count of theft and one count of possession of criminal tools in Miami County M.C. No. 2021-CRB-1996 and one count of theft in Miami County M.C. No. 2021-CRB-1997. All the offenses were misdemeanors of the first degree. Allen filed a timely notice of appeal in each case on November 9, 2021, and we have consolidated the appeals.

{¶ 2} On June 30, 2021, Allen was charged by complaint as described above. At his arraignment on July 6, 2021, Allen pled not guilty to the charges, and the trial court released him on his own recognizance. On October 12, 2021, Allen waived his right to counsel and pled guilty to all of the charges. The trial court accepted Allen's guilty pleas and sentenced him to the maximum term of 180 days in jail for each of the three offenses. The trial court ordered the sentences to be served consecutively for an aggregate jail term of 540 days, with credit for time served.

{¶ 3} Allen appeals, raising two assignments of error.

{¶ 4} Because Allen's second assignment of error is dispositive, we will discuss it first:

MR. ALLEN'S PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY GIVEN.

{¶ 5} In his second assignment, Allen contends that the trial court erred in failing to substantially comply with Crim.R. 11 when it accepted his guilty pleas.

{¶ 6} Crim.R. 11 sets forth distinct procedures for the trial court to follow in accepting a plea, with the procedures varying based on whether the offense involved is

a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Nared*, 2d Dist. Clark No. 2017-CA-3, 2017-Ohio-6999, ¶ 8, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11, and *State v. Hall*, 2d Dist. Greene No. 2011-CA-32, 2012-Ohio-2539, ¶ 18. For "petty offense" misdemeanors, such as Allen's theft and possession of criminal tools offenses, the trial court was required only to inform the defendant of the effect of his guilty plea. *Id.*, citing *Jones* at ¶ 14; Crim.R. 11(E); see Crim.R. 2 (defining classifications of offenses). The Ohio Supreme Court has held that, to satisfy the requirement of informing a defendant of "the effect of the plea" before accepting a guilty plea to a petty misdemeanor, the court is required to inform the defendant that the plea is a complete admission of guilt. *Id.*, citing *Jones* at ¶ 25. Unlike the provisions applicable to more serious offenses, Crim. R. 11(E) does not require the trial court to personally address the defendant and determine that the defendant understands the nature of the charge and is entering the plea voluntarily. Id., citing *State v. Wright*, 2d Dist. Montgomery 26471, 2015-Ohio-3919, ¶ 17.

{¶ 7} Here, the trial court asked Allen "[i]s there anything you want to tell me before I impose sentence?" Tr. 5. The trial court also informed Allen of all of the constitutional rights he would be waiving as a result of pleading guilty. However, it did not inform him that his plea constituted a complete admission of guilt. Although this specific argument was not raised by Allen under this assignment of error, we find that the discussion at the plea hearing failed to comply with the requirements of Crim.R. 11(E) and *Jones* for petty misdemeanor offenses. *See Nared* at ¶ 9.

{¶ 8} Additionally, the record of the plea hearing establishes that the trial court

incorrectly informed Allen with respect to the maximum penalty he faced when it stated, "[y]ou understand that you could be looking up to a year in jail?" Tr. 3. As previously stated, the maximum sentence that may be imposed for a single "petty offense" misdemeanor is 180 days in jail. Here, the trial court sentenced Allen to the maximum term of 180 days in jail on *each* of the three counts and ordered the sentences to be served consecutively, for an aggregate jail term of 540 days or 18 months, well over a year. Inaccurate information regarding the maximum penalty can invalidate a plea. *State v. Burnett*, 2d Dist. Clark No. 2013-CA-98, 2016-Ohio-2655, ¶ 11. The Ohio Supreme Court has held that the "incorrect recitation of the law fails to meet the substantial compliance standard." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 39. "[T]he trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *Id.* at ¶ 26. Although the guilty pleas in *Burnett* and *Clark* involved felony offenses, the same principle applies here, where the trial court provided Allen with material misinformation regarding the maximum sentence he faced in pleading guilty to three "petty offense" misdemeanors.

{¶ 9} In Allen's case, the trial court did not convey accurate information to him so that he could fully understand the consequences of his decision to waive his constitutional rights and enter his guilty pleas. "Without knowing the maximum penalty allowed for a conviction, a defendant's ability to weigh the risks of taking the case to trial and perhaps facing a maximum sentence, versus entering a plea and perhaps receiving a more lenient sentence, is compromised." *Burnett* at ¶ 13. Here, Allen obviously was not advised that

the three counts could result in a total of 1½ years in jail. Thus, we conclude that the trial court failed to comply with the requirements of Crim.R. 11, thereby rendering Allen's guilty pleas less than knowing, voluntary, and intelligent.

**{¶ 10}** Allen's second assignment of error is sustained.

**{¶ 11}** Allen's first assignment of error is as follows:

MR. ALLEN'S WAIVER OF COUNSEL WAS INVALID.

**{¶ 12}** In light of our disposition of Allen's second assignment, we need not address his first assignment of error.

## Conclusion

**{¶ 13}** Allen's second assignment of error having been sustained, the judgments of the trial court are reversed, the pleas are vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

Lenee Brosh
Jared B. Chamberlain
Carl Bryan
Hon. Samuel Huffman