[Cite as *State v. Davis*, 2023-Ohio-4389.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO. C-230121
                                                   TRIAL NO. B-2103516
     Plaintiff-Appellee,                :

  vs.                                              :

GARY LEE DAVIS,                         :                *O P I N I O N.*

     Defendant-Appellant.               :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed, Plea Vacated and Cause Remanded

Date of Judgment Entry on Appeal: December 6, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Lora Peters,* Assistant Public Defender*,* for Defendant-Appellant.

**Bock, Judge.**

{¶1} Before accepting defendant-appellant Gary Lee Davis's guilty plea, the trial court mistakenly advised him that he faced a discretionary two-year period of postrelease control if convicted of robbery under R.C. 2911.02(A)(2). The trial court ultimately imposed a mandatory one-to-three-year period of postrelease control as was required by R.C. 2967.28. We hold that Davis entered a guilty plea without understanding the maximum penalty. Therefore, we reverse the trial court's judgment and vacate Davis's guilty plea.

## I. Facts and Procedure

{¶2} Davis was charged with robbery in violation of R.C. 2911.02(A)(2). He initially pleaded not guilty. Following a series of unsuccessful pretrial motions, Davis signed a written form withdrawing his not-guilty plea and pleading guilty to an amended charge of third-degree felony robbery in violation of R.C. 2911.02(A)(3).

{¶3} At the plea hearing, the state explained that the charge stemmed from an October 2020 robbery of a PNC bank branch, where Davis held up a note to bank employees which read "give me the money." Davis's counsel clarified, "there was no weapon, or any actual threat verbalized." As the trial court proceeded through its colloquy, it informed Davis that he faced "from 9 to 36 months in prison," and following his release he "could be placed on up to two years of post-release control" for the offense. The trial court accepted his plea.

{¶4} At the sentencing hearing, the state recounted Davis's criminal record, explaining that the robbery in this case occurred while Davis was on supervised release. The trial court imposed a 36-month sentence consecutive to the sentences in two cases from Montgomery County, Ohio. The trial court found that consecutive sentences were necessary because he was under postrelease control when he

committed the offense and due to his criminal history. In addition, the trial court imposed a mandatory one-to-three-year period of postrelease control.

{¶5} In two assignments of error, Davis challenges his plea and sentence.

## II. Law and Analysis

{¶6} Davis's first assignment of error argues that the trial court erroneously informed him during its plea colloquy that he faced a discretionary two-year period of postrelease control. But R.C. 2967.28 required the trial court to impose a one-to-three-year period of postrelease control. Davis maintains that the trial court breached its duty to advise him of the maximum penalty under Crim.R. 11(C)(2)(a).

### A. *Trial courts must ensure defendants understand the effect of their pleas.*

{¶7} A defendant's decision to enter a guilty plea is a solemn and serious one, filled with promise and peril. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10. Because a guilty plea operates as a waiver of several constitutional rights, the validity of a guilty plea turns on whether that plea was "done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005), quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

{¶8} For felony offenses like Davis's, a trial court "shall not accept a plea of guilty or no contest without * * * [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved." Crim.R. 11(C)(2)(a). A trial court must "'convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty.'" *State v. Brinkman*, 165 Ohio St.3d 523, 2021-Ohio-2473, 180 N.E.3d

1074, ¶ 17, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.

{¶9} Postrelease control is a sanction, "an additional term of supervision after an offender's release from prison that imposes certain restrictions on the offender." *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 21. It is "part of the 'maximum penalty involved' in instances where the trial court imposes a prison term." *State v. Sullivan*, 8th Dist. Cuyahoga Nos. 111621 and 111917, 2023-Ohio-1036, ¶ 13. Here, the trial court accurately explained to Davis that he faced 9 to 36 months in prison. Crim.R. 11(C)(2)(a) required the trial court to ensure that Davis understood the maximum term of postrelease control that he would face.

{¶10} The right to be informed of the maximum penalty is nonconstitutional, requiring only substantial compliance with the rule. *State v. Morris*, 1st Dist. Hamilton No. C-180520, 2019-Ohio-3011, ¶ 16. "Substantial compliance 'means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). But when "a trial court fails to substantially comply with Crim.R. 11 regarding a nonconstitutional provision, a reviewing court must determine whether the trial court partially complied or failed to comply with the rule." *State v. Stumph*, 1st Dist. Hamilton No. C-190318, 2021-Ohio-723, ¶ 8, citing *Morris* at ¶ 18, and *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32.

B. *The trial court failed to comply with Crim.R. 11.*

{¶11} Davis pleaded guilty to robbery in violation of R.C. 2911.02(A)(3), a third-degree felony. Robbery is an offense of violence. *See* R.C. 2901.01(A)(9)(a). The duration of postrelease control for a third-degree felony depends on the nature of the offense. *See* R.C. 2967.28. A defendant convicted of a third-degree felony "that is an

4

offense of violence and is not a felony sex offense [faces] up to three years, but not less than one year" of postrelease control. R.C. 2967.28(B)(4). In contrast, a defendant convicted of a third-degree felony that is a sex offense faces up to five years of postrelease control. R.C. 2967.28(B)(1). And if the third-degree felony is neither an offense of violence nor a sex offense, a defendant faces "up to two years" of postrelease control at the discretion of the parole board. R.C. 2967.28(C).

{¶12}  The trial court informed Davis, "[I]f I would send you to prison, upon your release from prison, you could be placed on up to two years of post-release control." The state acknowledges that the trial court mistakenly advised Davis that he was subject to a discretionary two-year period of postrelease control but argues that the plea form provided sufficient notice of the maximum penalty. We disagree.

{¶13}  The plea form explained that Davis was pleading guilty to "Robbery/2911.02(A)(3)," which is an "F3" with a potential sentence of "9-36 MOS" and a $10,000 maximum fine. While the form indicated that Davis faced one to three years of postrelease control for a third-degree felony offense of violence, it also indicated that he faced "up to two years as determined by the parole board for * * * a felony of the third degree (F3) which does not involve physical harm or threatened physical harm to a person." The form failed to specify that Davis pleaded guilty to an offense involving actual or threatened physical harm. Rather, it merely identified robbery as a third-degree felony, while also describing two potential terms of postrelease control.

{¶14}  At the plea hearing, the state explained the factual basis for the offense —that Davis "knowingly inflicted, attempted to inflict, or threatened to inflict physical harm on another." But Davis's counsel emphasized that the robbery consisted of "a note that said give me the money, that there was no weapon or actual threat

5

verbalized." Later, the trial court asked Davis if he understood that "upon your release from prison, you could be placed on up to two years of post-release control?"

{¶15} Considering the conflicting information provided to Davis at the plea hearing, we cannot conclude that the trial court ensured that Davis had a full understanding of the consequences of his guilty plea. We hold that the trial court did not substantially comply with Crim.R. 11(C)(2)(a)'s mandate requiring it to determine that Davis entered his plea with an understanding of the maximum penalty involved.

{¶16} Next, we "must determine whether the trial court partially complied or failed to comply with the rule." *Morris*, 1st Dist. Hamilton No. C-180520, 2019-Ohio-3011, ¶ 17, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. Absent a complete failure to comply with Crim.R. 11(C), a guilty "plea may only be vacated if the defendant demonstrates prejudice." *Id.*, citing *Clark* at ¶ 32. Davis has not argued that the trial court's incorrect statement constituted a complete failure, so to demonstrate prejudice he must show " 'that he would not have otherwise pled had the court complied with Crim.R. 11(C).' " *State v. Fleming*, 1st Dist. Hamilton No. C-210297, 2022-Ohio-740, ¶ 6, quoting *State v. Littleton*, 1st Dist. Hamilton Nos. C-150056 and C-150057, 2015-Ohio-4143, ¶ 9, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶17} Davis maintains that the trial court's misstatement was prejudicial because his sentence factored into his decision to enter a plea. As we have explained, "[t]he potential sentence hanging over a pleading defendant is one of the important matters on his mind, if not the most important." *State v. Wilson*, 55 Ohio App.2d 64, 66, 379 N.E.2d 273 (1st Dist.1978). Crim.R. 11(C)(2)(a)'s prescription reflects the principle that knowledge of the maximum penalty affects a defendant's "ability to weigh the risks of taking the case to trial and perhaps facing a maximum sentence,

6

versus entering a plea and perhaps receiving a more lenient sentence." *State v. Allen*, 2d Dist. Miami Nos. 2021-CA-31 and 2021-CA-32, 2022-Ohio-1872, ¶ 9, citing *State v. Burnett*, 2d Dist. Clark No. 2013-CA-98, 2016-Ohio-2655, ¶ 11. "When a defendant receives a sentence that exceeds what the trial court previously informed the defendant was the maximum penalty, the prejudice is apparent on its face." *State v. Tackett*, 8th Dist. Cuyahoga No. 111998, 2023-Ohio-2298, ¶ 22, citing *State v. Drake*, 9th Dist. Medina No. 16CA0056-M, 2017-Ohio-4027, ¶ 12.

{¶18} The record demonstrates that the length of his potential sentence influenced Davis's decision to enter into a plea agreement. The trial court apprised Davis of a discretionary two-year period of postrelease control, but he ultimately received a mandatory one-to-three-year period of postrelease control. In other words, Davis received a more severe maximum penalty than the trial court initially explained.

{¶19} We find that the sentence imposed by the trial court prejudiced Davis. We sustain Davis's first assignment of error. Davis's second assignment of error challenging his sentence is moot and we decline to address it. *See* App.R. 12(A)(1)(c).

### III. Conclusion

{¶20} We sustain Davis's first assignment of error, reverse the trial court's judgment, vacate his guilty plea, and remand the case for further proceedings.

Judgment accordingly.

**CROUSE, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.